UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Michael J. Rego, II,                                              Case No. 3:12-cv-00034

        Plaintiff

v.                                                                          MEMORANDUM OPINION
                                                                           AND ORDER

Commissioner of Social Security,

        Defendant


### INTRODUCTION

This matter is before me on the objections of Plaintiff Michael J. Rego, II to the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong regarding Rego's complaint seeking review of a final decision of Defendant the Commissioner of Social Security. (Doc. No. 22). For the reasons stated below, I decline to adopt the Magistrate's recommendations as set forth in the Report and Recommendation. The Commissioner's decision is reversed and the case is remanded for rehearing.

### BACKGROUND

Magistrate Armstrong has succinctly and accurately set forth the procedural and factual background of this case, and I adopted those sections of the Report and Recommendation in full. (*See* Doc. No. 21 at 1-10).

Rego submits two objections to the Report and Recommendation. Rego argues Magistrate Armstrong erred in failing to recommend remand after she determined Administrative Law Judge Levin (1) improperly terminated his analysis at Step 4 of the five step sequential evaluation mandated

by 20 C.F.R. § 404.1520 and (2) failed to state the amount of weight he gave to the opinion of Dr. Barbara LaForrest, Rego's treating physician, in accordance with the requirements of 20 C.F.R. § 404.1527(d)(2) as described in *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). (Doc. No. 22 at 1, 9). The Commissioner did not file any objections.

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp.2d 738, 740 (N.D. Ohio 2010).

A district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)).

## ANALYSIS

**The Treating Physician Rule**

In his appeal from the Commissioner's decision denying benefits, Rego argued ALJ Levin "failed to accord proper weight to the opinion of [Rego's] treating physician, Dr. LaForrest." (Doc. No. 21 at 22). Magistrate Armstrong conceded that "[e]ssentially, ALJ Levin completely discounted the opinion of Dr. LaForrest, stating her opinion was 'without substantial support from the other evidence of record, which renders it less persuasive.'" (Id. at 23). Magistrate Armstrong concluded, however, "[a]lthough the ALJ failed to state what weight he was giving Dr. LaForrest's opinion, he did provide sufficient documentation of his analysis and reasoning." (Id.).

2

As Magistrate Armstrong noted, the treating physician rule mandates that the ALJ

> must give a treating source opinion controlling weight if the treating source opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. . . . If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. . . . .
>
> [T]he regulations require the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion. Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Blakely*, 581 F.3d at 406-07 (citations and quotations omitted).

In his opinion denying benefits, ALJ Levin stated he was "not persuaded by the opinion evidence of Dr. LaForrest because the course of treatment pursued by her has not been consistent with what one would expect if the claimant were truly disabled. . . . Dr. LaForrest's opinion is without substantial support from the other evidence of record, which renders it less persuasive." (Doc. No. 11 at 23). Magistrate Armstrong concluded this discussion of "the overall supportability of Dr. LaForrest's opinion and consistency of that opinion with the record as a whole" constituted "sufficient documentation of [the ALJ's] analysis and reasoning." (Doc. No. 21 at 23).

In *Blakely*, the Sixth Circuit concluded "the ALJ's summary rejection of [the treating physician] without explaining the weight given his opinions falls short of the Agency's own procedural requirements: '[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.' Soc. Sec. Rul. 96–2p." *Blakely*, 581 F.3d at 408. "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id.*

3

ALJ Levin failed to follow the Social Security Regulations when he failed "to specifically determine and state the amount of weight given to the opinion [of the treating physician], based on the factors iterated in *Blakely*, originally set forth in 20 C.F.R. § 404.1527(d)(2) . . . ." (Doc. No. 21 at 23). It is true "[a]n ALJ's violation of the Social Security Administration's procedural rules is harmless and 'will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses.'" *Johnson v. Astrue*, No. 1:09-cv-2959, 2010 WL 5559542, *4 (N.D. Ohio) (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). The Sixth Circuit, however, has clearly stated § 404.1527(d)(2) is "an important procedural safeguard for claimants for disability benefits . . ." and that generally this safeguard must be understood as substantial. *Wilson*, 378 F.3d at 547.

The ALJ failed to specify how much weight, if any, he gave to the opinion of Dr. LaForrest. Given that Dr. LaForrest treated Rego over a seven year period, her opinion is entitled to a much more comprehensive analysis than ALJ Levin's cursory rejection offered. (*See* Doc. No. 21 at 8). "[T]he ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where [a court] cannot engage in 'meaningful review' of the ALJ's decision." *Blakely*, 581 F.3d at 409 (*citing Wilson*, 378 F.3d at 544). The ALJ committed reversible error by depriving Rego of a substantive right; therefore the matter is remanded for rehearing.

**Evaluation of disability**

Magistrate Armstrong determined ALJ Levin erred when he terminated his analysis of the five-step sequential evaluation process set forth in § 404.1520(a) at step four. (Doc. No. 22 at 15). Step four requires the ALJ to determine whether the claimant could return to his "past relevant work." 20 C.F.R § 404.1520(a)(4)(iv). "[P]rior to determining a claimant's ability to engage in his past relevant work, the ALJ must determine whether the claimant is currently engaging in, or has engaged in, substantial gainful activity at any time since the alleged onset date of disability." (Doc. No. 22 at 14); 20 C.F.R. § 416.920(b). Magistrate Armstrong determined Rego "was not, nor had he

4

ever been, engaged in substantial gainful activity" because his average monthly earnings from his only previous employment – as a landscape worker – fell far below the threshold set by § 416.974. (Doc. No. 22 at 15). Thus, Magistrate Armstrong determined Rego had no "past relevant work" to which he could return and the ALJ "should have proceeded to step five of the sequential evaluation process to determine whether [Rego] is able to do any 'other work,' considering his residual functional capacity, age, education, and work experience." (Id. at 15-16). Despite this conclusion, Magistrate Armstrong agreed with the Commissioner that the ALJ's failure to proceed to step five was harmless error because the vocational expert testified concerning three other jobs Rego could perform.[1] (Id. at 16).

Rego challenges the Magistrate's conclusion and argues (1) ALJ Levin did not conclude whether the jobs the vocational expert identified "exist in significant number in the national economy" as required by 42 U.S.C. § 423(d)(2)(A); (2) the vocational expert only offered an opinion as to the number of jobs available in Ohio, rather than the number available in northwest Ohio; and (3) the hypothetical question ALJ Levin posed to the vocational expert was incomplete because it did not ask the expert to consider Rego's age, education, and work experience. (Doc. No. 22 at 2-3). Magistrate Armstrong concluded "[e]ven though the ALJ failed to officially conduct a step five analysis, information and testimony regarding the answer to that question, had it been asked, is included in the record." (Doc. No. 21 at 17). While I believe the ALJ's failure to explicitly instruct the vocational expert to consider age, education, and work experience likely was a procedural misstep that may constitute harmless error, I agree with Rego's contention that "[t]here was no finding by the ALJ as to whether the jobs identified . . . exist in significant number in the national economy." (Doc. No. 22 at 2).

---

[1] Step five of the sequential evaluation process instructs the ALJ to assess the claimant's residual functional capacity and his age, education, and work experience to see if he would be able to do other work. 20 C.F.R. § 404.1520(a)(4)(v).

In his opinion denying benefits, ALJ Levin did not discuss the vocational expert's testimony regarding potential other work Rego may be able to perform, and did not determine whether Rego in fact could make an adjustment to other work as required by § 404.1520(a)(4)(v). The Sixth Circuit has stated:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; **the distance claimant is capable of travelling to engage in the assigned work**; the isolated nature of the jobs; the types and availability of such work, and so on.

*Hall v. Bowner*, 837 F.2d 272, 275 (6th Cir. 1988) (emphasis added). While not dispositive, the ALJ must consider the location of the other work about which the vocational expert testified. As with his application of the treating physician rule, ALJ Levin's incorrect application of the Social Security Regulations prevents a "meaningful review" of his decision. *See Blakely*, 581 F.3d at 409. Upon rehearing, the ALJ shall perform the sequential evaluation process as required by § 404.1520(a)(4).

## CONCLUSION

For the reasons stated above, I decline to accept the conclusions set forth in the Report and Recommendation; the Commissioner's decision is reversed and the matter is remanded for rehearing.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge