UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael J, Rego, II,                                      Case No.  3:12-cv-00034

        Plaintiff

  v.                                                                    MEMORANDUM OPINION
                                                                                  AND ORDER

Commissioner of Social Security,

        Defendant

## I.   INTRODUCTION

Before me is the motion of Plaintiff Michael J. Rego, II, for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. No. 25).  The EAJA, in part, permits an individual plaintiff who is a party to litigation against the government to recover attorney fees and related expenses if the plaintiff is the prevailing party in the litigation; the government is not liable for payment of fees and expenses if its position was substantially justified or special circumstances make such an award unjust.  On March 21, 2013, I vacated the ruling of the Commissioner of Social Security denying Rego's claim for disability benefits and remanded the case to the agency.  (Doc. No. 23).  Rego asserts that, pursuant to my ruling, he is a prevailing party against the government and is entitled to an award of attorney fees and related costs because the Commissioner's position was not substantially justified.  The Commissioner has filed a brief in opposition and argues its position was substantially justified; in the alternative, the Commissioner argues the hourly rate Rego requests is unreasonable and should be reduced.  (Doc. No. 28).  Rego

has filed a brief in reply as well as a supplemental fee application. (Doc. No. 29). For the reasons stated below, Rego's motion for attorney fees is granted.

## II. STANDARD

Under the EAJA, a court shall award a plaintiff attorney fees when the plaintiff is the prevailing party in a lawsuit against the government, unless the government's position is substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government's "position" includes "the action or failure to act by the agency upon which the civil action is based" in addition to the position the government has taken in the civil action. 28 U.S.C. § (d)(2)(D). The plaintiff must submit "an application for fees and other expenses which shows that the party is a prevailing party . . . and the amount sought . . . ." 28 U.S.C. § 2412(d)(1)(B). The plaintiff may recover "reasonable attorney fees . . . based upon prevailing market rates for the kind and quality of the services furnished"; an attorney's requested hourly rate may not exceed $125 per hour "unless the court determine that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

The plaintiff must assert the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The government's position is substantially justified if it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's position, for purposes of a motion under the EAJA, must be "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich*, 868 F.2d at 869.

## III. ANALYSIS

A. ENTITLEMENT TO FEES

Rego argues he is entitled to an award of attorney fees because the Administrative Law Judge ("ALJ") who conducted Rego's hearing made a clear error in his application of the treating source

rule and this error was not substantially justified. The treating source rule requires the ALJ to give a treating source opinion "controlling weight" if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The Code of Federal Regulations also states the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [given to a] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). This reason-giving requirement, in part, "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). I ruled the ALJ failed to apply the treating source rule properly and "committed reversible error by depriving Rego of a substantive right . . . ." (Doc. No. 23 at 4). An ALJ's failure to give good reasons for not giving controlling weight to a treating source opinion "does not constitute harmless error." *Wilson*, 378 F.3d at 546; s*ee also id.* ("A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.").

The Commissioner contends "[w]hile the ALJ could have been more articulate, this is not a case where the ALJ gave no indication of the weight he gave," because, as the magistrate judge surmised, the ALJ's statements[1] suggest he "completely discounted the opinion of [Rego's treating physician.]" (Doc. No. 28 at 6). The Commissioner incorrectly construes my ruling as a "remand based on insufficient articulation." (Doc. No. 28 at 6). I explicitly stated the ALJ failed to follow the Social Security Administration's own procedural rule. (Doc. No. 23 at 4). Further, after noting the Sixth Circuit has held that an ALJ's failure to follow this rule can prevent meaningful review of

---

[1] The ALJ stated he was "not persuaded by the opinion evidence of Dr. LaForrest[, Rego's treating physician,] because the course of treatment pursued by her has not been consistent with what one would expect if the claimant were truly disabled." (Doc. No. 11 at 23).

3

the ALJ's decision, I remanded this case for rehearing because the ALJ deprived Rego of his substantive right to a clear explanation for the rejection of his claim. (Id.); *see also Wilson*, 378 F.3d at 544 (ALJ's failure to give good reasons was not harmless error). The Social Security Regulations require the ALJ to give good reasons for his determination and assign a rebuttable presumption that a treating source opinion is entitled to "great deference," even if it is considered non-controlling. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). *See also Fisk v. Astrue*, No. 3:05-cv-145, 2009 WL 161335, at *3 (S.D. Ohio, January 22, 2009) ("The Commissioner's support for the ALJ's decision did not adequately account for . . . critical deficiencies in the ALJ's decision[.] [C]onsequently, the Commissioner's present contention that the ALJ's error was primarily one of articulation does not show that the Commissioner's support for the ALJ was reasonably based in law or fact."). The Commissioner fails to carry her burden of proving the ALJ's failure to comply with a well-established agency regulation is substantially justified.

Rego also asserts he is entitled to attorney fees under the EAJA because the ALJ erred in his analysis of the five-step sequential evaluation process. Because I already have determined the ALJ's ruling and the Commissioner's subsequent decision to defend that ruling during this litigation was not substantially justified, I need not reach a conclusion as to Rego's second contention. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) (the EAJA "favors treating a case as an inclusive whole").

**B. REQUESTED FEES**

Rego seeks a total fee award of $4,191.67. (Doc. No. 29 at 11). This award would consist of compensation for hours worked by two attorneys and an "appellate assistant." Rego states attorney Kirk Roose worked 11.0 hours, attorney Mary Meadows worked 11.3 hours, and appellate assistant Diane Shriver worked 1.6 hours. (Doc. No. 25-13 at 1; Doc. No. 29 at 11). Rego requests that I

conclude Roose's and Meadows's hours are compensable in the amount of $184.38 per hour[2] and Shriver's work is compensable in the amount of $50 per hour. (Doc. No. 25-13). The Commissioner contends Rego has failed to carry his burden of proof with regard to his requested reimbursement rate for attorney hours and argues I should limit the hourly rate to the statutory cap of $125 per hour. (Doc. No. 28 at 8-12). The Commissioner does not object to Rego's rate request for the appellate assistant.

There are two elements a prevailing party must establish in order to carry his burden of proof under the EAJA with respect to the amount of attorney fees requested. First, the prevailing party must show his requested rate is based upon prevailing market rates for the kind and quality of services furnished. 28 U.S.C. § 2412(d)(2)(A). Second, if the party requests a rate in excess of $125 per hour, he must prove "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

In support of his argument that inflation justifies an hourly rate in excess of $125, Rego offers the following documents: (1) a study conducted by the Ohio State Bar Association of 2010 hourly billing rates by practice area, (Doc. No. 25-8); (2) a study of law firm economics conducted by the National Law Journal, (Doc. No. 25-9); and (3) information from the website of the United States Department of Labor, Bureau of Labor Statistics, estimating 2011 wage data for the Cleveland-Elyria-Mentor, Ohio region, (Doc. No. 25-10). Rego also has filed affidavits from four attorneys, including Roose, describing the hourly rates these attorneys typically charge in Social Security cases. (*See* Doc. No. 25-4; 25-5; 25-6; 25-7). Further, Rego cites to numerous cases in

---

[2] Rego arrived at the requested rate of $184.38 by multiplying the $125 EAJA cap by a factor of 1.475, which is the quotient of the 2012 cost-of-living index (229.594) divided by the March 1996 cost-of-living index (155.7). (*See* Doc. No. 25-3).

which my colleagues in the Northern District of Ohio have approved requested increases over the EAJA cap based on similar evidentiary sources, as well as cases in which the Commissioner agreed to pay an EAJA fees award in which the petitioner's counsel's hourly rate exceeded the $125 statutory cap. (Doc. No. 25 at 4-6).

The Commissioner argues this is not enough to prove Rego's requested increase is reasonable because this evidence does not establish the prevailing rates in Social Security cases in the Northern District of Ohio for "services of the kind and quality rendered in this case." (Doc. No. 28 at 11-12) (emphasis removed). The Commissioner does not challenge the veracity of the attorney affidavits Rego submitted; instead she argues, without evidentiary support, "[t]hese affidavits do not change the fact that other attorneys provide similar services for $125 per hour . . . ." (Doc. No. 28 at 12). This contention is not persuasive. The EAJA only limits the hourly rate at which a prevailing party is entitled to a fee award; the fee cap is not evidence of the prevailing market rate for attorney services. Even if the Commissioner is correct that some attorneys charge $125 per hour for their services, this does not undermine the persuasiveness of Rego's evidence of the prevailing market rate.

Nor does the Commissioner attempt to distinguish Rego's citations to cases in which my colleagues concluded the position of the Social Security Administration, either during administrative proceedings or litigation, was not substantially justified and then awarded fees under the EAJA in excess of the statutory hourly rate cap. While some of my colleagues have concluded a petitioner's submission of some evidence of the type Rego submits was insufficient to justify a fee increase, an award of attorney fees under the EAJA is within the sound discretion of the district court. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (*citing Blum v. Stenson*, 465 U.S. 886, 898 (1984)).

6

Moreover, the Commissioner makes no reference to the cases in which the Social Security Administration has stipulated to EAJA award requests in excess of the statutory cap. This final omission perhaps is the most difficult to reconcile, as the Commissioner has agreed on numerous occasions that, in persuading the court the agency's position was not substantially justified, Roose provided services which are appropriately valued, for purposes of the EAJA, at greater than $125 per hour, based on evidence and arguments similar to those presented here. (*See* Doc. No. 25 at 5-6 (listing cases)). I conclude Rego has carried his burden under the EAJA and is entitled to a fee award at the rate of $184.38 per hour for attorney hours and $50.00 per hour for legal assistant hours. Roose indicates his consent to payment of the EAJA award to Rego; the EAJA award is subject to an offset for any pre-existing debt Rego may owe the United States. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 725 (6th Cir. 2012).

### IV. CONCLUSION

For the reasons stated above, Rego's motion for attorney fees pursuant to 28 U.S.C. § 2412 is granted. Rego is entitled to an award in the amount of $4,191.67.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

7